**CHUN HUA LIN, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

No. 07–0633–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Shelley R. Goad, Senior Litigation Counsel, Debora Gerads, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Chun Hua Lin, a native and citizen of the People's Republic of China, seeks review of the January 24, 2007 order of the BIA affirming the May 12, 2003 decision of Immigration Judge ("IJ") Noel A. Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Hua Lin,* No. A70 886 611 (B.I.A. Jan. 24, 2007), *aff'g* No. A70 886 611 (Immig. Ct. N.Y. City May 12, 2003).[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

■ Pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (en banc), Lin is not *per se* eligible for asylum based on the alleged forced sterilization of his wife. *Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (noting that "a claim of persecution based *solely* on a forced . . . sterilization procedure" brought by someone other than "the individual who has undergone the procedure . . . is doomed").

Furthermore, in his brief to this Court and in his brief to the BIA, Lin did not articulate a fear of persecution on account of any alleged "resistance" to China's family planning policy, or a fear that he would be sterilized or persecuted for failure to undergo sterilization. *See* 8 U.S.C. § 1101(a)(42). Accordingly, we deem any such claims abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ Finally, in light of the fact that Lin testified that, during his last trip to China in September 1996, he traveled using his own passport and did not experience any problems, the BIA's denial of CAT relief based on his alleged illegal departure was not improper. *Cf. Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004)(outlining definition of torture and requirements for granting relief from removal under CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. Pursuant to a stipulation between the parties, we construe the BIA's January 24, 2007 order to have incorporated its October 28, 2004 order. *See In re Chun Hua Lin,* No. A70 886 611 (B.I.A. Oct. 28, 2004).