**YIU MING LIU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 07–3887–ag.

United States Court of Appeals, Second Circuit.

May 7, 2008.

---

Romben Aquino, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Yiu Ming Liu, a native and citizen of the People's Republic of China, seeks review of an August 20, 2007 order of the BIA affirming the March 23, 2001 decision of Immigration Judge ("IJ") Mitchell Levinsky, denying his application for asylum and withholding of removal. *In re Yiu Ming Liu,* No. A72 054 505 (B.I.A. Aug. 20, 2007), *aff'g* No. A72 054 505 (Immig. Ct. N.Y. City Mar. 23, 2001). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an independent decision on remand from this Court, we should review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

As the BIA found, even assuming his credibility, Liu is ineligible as a matter of law for the relief he sought based on his wife's alleged forced sterilization. In *Shi Liang Lin,* we held that 8 U.S.C. § 1101(a)(42) "does not extend automatic refugee status to spouses or unmarried partners of individuals § 601(a) [of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (amending 8 U.S.C. § 1101(a)(42)) ] expressly protects." 494 F.3d at 300. This holding is dispositive of Liu's petition for review. Indeed, we have since held that a claim based solely on a spouse or unmarried partner's forced abortion or sterilization is "doomed." *Gui Yin Liu v. INS,* 508 F.3d 716, 720 (2d Cir.2007). While an individual may establish eligibility for relief based on his own "other resistance" to a coercive population control policy, 8 U.S.C. § 1101(a)(42), Liu has made no such claim.

To the extent he argues that we should reconsider our en banc decision in *Shi Liang Lin,* and read that decision "narrowly" to include only fiancees and boyfriends, or remand his case for further consideration of the implications of *Shi Liang Lin,* we have no authority to do so. *See Gold v. Feinberg,* 101 F.3d 796, 801 (2d

Cir.1996) (stating that a holding of our Court "can only be overruled by this Court sitting in banc or by a decision of the Supreme Court").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).