**MING YU WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2553–ag.**

United States Court of Appeals, Second Circuit.

July 29, 2008.

Pro se, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Shelley R. Goad, Senior Litigation Counsel, Carmel A. Morgan, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Ming Yu Wang, a native and citizen of the People's Republic of China, seeks review of the May 15, 2007 order of the BIA affirming the August 3, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Yu Wang*, No. A95 687 429 (B.I.A. May 15, 2007), *aff'g* No. A95 687 429 (Immig. Ct. N.Y. City Aug. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The submissions of *pro se* litigants are construed liberally and interpreted to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006). When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

■ As a preliminary matter, pursuant to our decision in *Shi Liang Lin v. U.S.*

*Dep't of Justice*, 494 F.3d 296, 314 (2d Cir.2007) (en banc), Wang is not *per se* eligible for asylum based on his wife's alleged forced abortion.[2] *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 (2d Cir.2007).

■ Regarding Wang's claim of religious persecution, we find no error in the agency's conclusion that he failed to carry his burden of proof for asylum when he did not provide material corroborating evidence that was reasonably available to him. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin*, 494 F.3d at 305. While an applicant's own testimony may sometimes be sufficient to meet his burden of proof, an IJ may also require the submission of corroborating evidence, or an explanation for its absence, where one would reasonably expect such evidence to be submitted. *See Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000). Here, the IJ gave weight to the absence of a written statement from Wang's wife corroborating his claims. Wang testified that he was in contact with his wife by phone and that she helped him to obtain a letter from their underground church. When asked to explain why his wife had not provided a statement, Wang testified that it was because she was illiterate, though he conceded that their 20–year-old son could have helped his wife to write a statement. Because the agency identified the particular piece of missing, relevant documentation and properly found that this document was "reasonably available" to Wang, the agency did not err in denying his asylum claim for lack of corroboration. *Jin Shui Qiu*, 329 F.3d at 153. Moreover, Wang was given an opportunity to explain the

---

**2.** Judge Sotomayor continues to believe that *Shi Liang Lin* was in error to the extent that it applied beyond unmarried partners, *see Shi Liang Lin*, 494 F.3d at 327 (Sotomayor, J., concurring), but notes that the Attorney General has since adopted the Court's construction of the statute and overruled the BIA's former *per se* rule of spousal eligibility, *see In re J–S–*, 24 I. & N. Dec. 520 (BIA 2008).

absence of a statement from his wife, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 394–95 (2d Cir.2005), and he points to no evidence that would have compelled the IJ to accept that explanation. *See* 8 U.S.C. § 1252(b)(4)(B); *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Because Wang was unable to meet his burden of proof for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Finally, the agency's finding that Wang did not establish eligibility for CAT relief was not in error because—consistent with the agency's findings that he failed to provide reasonably available corroborative evidence—he provided insufficient evidence that it was more likely than not that he would be tortured in China. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Wang's pending motion for a stay of removal in this petition is DISMISSED as moot.