**GUANG ZHI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, ATTORNEY GENERAL, Respondent.**

No. 08–0718–ag.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

Tina Howe, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Guang Zhi Chen, a native and citizen of the People's Republic of China, seeks review of a January 31, 2008 order of the BIA, affirming the April 5, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Guang Zhi Chen,* No. A95 844 235 (B.I.A. Jan. 31, 2008), *aff'g* No. A95 844 235 (Immig. Ct. N.Y. City Apr. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Chen failed to challenge the IJ's denial of his request for CAT relief before either the BIA or this Court, we find that any such argument has been abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

■ Furthermore, we lack jurisdiction to consider Chen's arguments regarding the pretermission of his asylum application because they do not raise a colorable constitutional claim or question of law. *See* 8 U.S.C. §§ 1158(a)(2)(B), (a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 328–29 (2d Cir. 2006). In light of the foregoing, we dismiss Chen's petition for review as it pertains to his asylum application.

■ Regarding withholding of removal, we decline to consider any of Chen's challenges to the IJ's findings that he was not credible, or that (in any event) the past harm he experienced did not rise to the

level of persecution, because he failed to properly exhaust these arguments before the BIA.[1] *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Moreover, we note that Chen has abandoned any argument that—independent of the past harm he may have suffered—he has established a likelihood of a future threat to his life or freedom in China. *See* 8 C.F.R. § 1208.16(b)(2). Ultimately, we are not compelled to disturb the agency's denial of withholding of removal.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. In its decision, the BIA noted that Chen had "not address[ed], or cit[ed] any legal authority to challenge, the [IJ's] specific concerns about" his credibility, and that he had not "provide[d] any factual or legal challenge [to] the [IJ's] determination that" he did not suffer past persecution. We are particularly disinclined to consider arguments raised for the first time on appeal where, as here, the BIA explicitly rested its decision on the petitioner's failure to raise those arguments below.