HONG ZHANG, Wenjun Ren, Petitioners,

v.

Michael B. MUKASEY, U.S. Attorney General, Respondent.

Nos. 07–1923–ag(L), 08–0525–ag(Con).

United States Court of Appeals, Second Circuit.

Jan. 9, 2009.

Jim Li, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Susan K. Houser, Senior Litigation Counsel, Leah V. Durant, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Hong Zhang and Wenjun Ren, both natives and citizens of the People's Republic of China, seek review of an April 16, 2007 order of the BIA affirming the September 6, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Zhang, Wenjun Ren,* Nos. A95 476 710, 711 (B.I.A. Apr. 16, 2007), *aff'g* Nos. A95 476 710, 711 (Immig. Ct. N.Y. City Sept. 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual

findings under the substantial evidence standard. *See, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Zhang claims that she would be sterilized in China because she had given birth to two children in the United States. Contrary to Zhang's arguments, the agency did not err in finding that the so-called Aird Affidavit provided insufficient support for that claim. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006); *In re C–C–,* 23 I. & N. Dec. 899, 903 (B.I.A.2006). Although the agency may address in a summary fashion evidence (such as the Aird affidavit) that it is asked to consider time and again, in this case, both the IJ and the BIA gave specific, detailed, and cogent reasons for rejecting the affidavit. *See Wei Guang Wang,* 437 F.3d at 275.

Zhang argues that the IJ and the BIA ignored background materials in the record that supported her claim and corroborated conclusions made in the Aird Affidavit. However, two of the documents cited by Zhang—a letter from a Senior Legal Research Analyst at the Library of Congress and the 2001 U.S. Department of State Country Report on Human Rights Practices for China—were found by the agency at a previous stage in Zhang's proceedings to provide insufficient support for her claims. Zhang never challenged that finding, and thus has waived any argument concerning it. The third document Zhang cites is the 2004 U.S. Department of State Country Report on Human Rights Practices for China. Although the IJ mentioned the report in only cursory fashion and the BIA did not mention it at all, we do not require the agency to "expressly parse or refute on the record" each individual argument or piece of evidence that an applicant submits in support of her claim. *See Wei Guang Wang,* 437 F.3d at 275. Moreover, Zhang has not explained how a more complete or reasoned consideration of the 2004 Country Report would have changed the outcome of her case. In the past, we have specifically found that the Aird Affidavit, together with the 2004 Country Report, does not offer support for the conclusion that a petitioner returning to China with two U.S.-born children would face any penalty harsher than economic sanctions. *See Wei Guang Wang,* 437 F.3d at 274–76.

Because Zhang failed to demonstrate a well-founded fear of persecution for the purposes of her asylum claim, she also necessarily failed to meet the higher burden of proof required to prevail on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, Zhang has abandoned her CAT claim. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED.