*551
SUMMARY ORDER

Petitioner Minxin Jiang, a native and citizen of the People’s Republic of China, seeks review of a May 14, 2008 order of the BIA affirming the September 7, 2006 decision of Immigration Judge (“IJ”) Vivienne E. Gordon-Uruakpa denying Jiang’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Minxin Jiang, No. A 96 336 089 (B.I.A. May 14, 2008), aff'g No. A 96 336 089 (Immig. Ct. N.Y. City Sept. 7, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
In its decision, the BIA affirmed the IJ’s finding that even if Jiang were credible, he had not established that he suffered past persecution or that he had a well-founded fear of future persecution on account of his political opinion or any other protected ground. See 8 U.S.C. § 1101(a)(42); 8 U.S.C. § Í158(b)(l)(B)(i). As the IJ found, Jiang testified that his grandfather voluntarily entered into a contract to sell the property on which Jiang and his parents lived. When Jiang and his parents refused to leave, they were evicted from the property. Jiang claims that he and his parents asserted a political opinion by proclaiming to the government and to the real estate company that bought his grandfather’s property that they had an interest in the property. Substantial evidence, however, supports the IJ’s conclusion that the real estate company that evicted Jiang and his family was motivated by its belief that the family had remained on property they did not own. The evidence demonstrates a property dispute bearing no nexus to a protected ground. See 8 U.S.C. § 1158(b)(l)(B)(i); 8 U.S.C. § 1101(a)(42). Even if, as Jiang alleges, the government was unwilling to protect him, he cannot establish his status as a refugee on that basis. Cf. Osorio v. I.N.S., 18 F.3d 1017, 1029 (2d Cir.1994). We are aware of no precedent suggesting that one is rendered a refugee by virtue of the fact that his government will not assist him in a commercial dispute. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005).
The IJ properly denied asylum where Jiang failed to demonstrate a nexus to a protected ground. See 8 U.S.C. § 1158(b)(l)(B)(i); 8 U.S.C. § 1101(a)(42). Because Jiang failed to challenge the IJ’s denial of his claims for withholding of removal and CAT relief either before the BIA or this Court, we deem those claims abandoned. See Gui Yin Liu v. I.N.S., 508 F.3d 716, 723 n. 6 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).