**YANG XIANG DAI, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,[1] Respondent.**

No. 07–3363–ag.

United States Court of Appeals, Second Circuit.

March 10, 2009.

H. Raymond Fasano, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Anthony P. Nicastro, Senior Liti-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

gation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Yang Xiang Dai, a native and citizen of the People's Republic of China, seeks review of the July 9, 2007 order of the BIA affirming the November 28, 2005 decision of Immigration Judge ("IJ") Terry Bain denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Yang Xiang Dai*, No. A79 444 504 (B.I.A. Jul. 9, 2007), *aff'g* No. A79 444 504 (Immig. Ct. N.Y. City Nov. 28, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its decision closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Jigme Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

To establish eligibility for protection under the CAT, an applicant bears the burden of proving that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see Ramsameachire v. Ashcroft*, 357 F.3d 169,

184 (2d Cir.2004). To assess whether a petitioner has satisfied this standard, all evidence regarding the possibility of torture shall be considered, including, but not limited to: (1) evidence of past torture suffered by the petitioner; (2) evidence that the petitioner could relocate to a part of the country of removal where it is not likely he or she will be tortured; (3) evidence of gross or mass human rights violations in the country of removal; and (4) other relevant country conditions information. *Islami v. Gonzales*, 412 F.3d 391, 395 (2d Cir.2005); 8 C.F.R. § 1208.16(c)(3).

■ Dai argues that the agency erred in denying his claim for CAT relief by failing to adequately consider the evidence he submitted, which, he alleged, showed it was more likely than not he would be tortured if he returned to China. However, while the agency did not provide an in depth analysis of all of the evidence Dai submitted in support of his CAT claim, it was not required to do so. Indeed, while we will vacate agency findings if the agency fails to consider the entire record, *see Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir.2006) (per curiam), summary analysis may sometimes be sufficient, and "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006).

■ Moreover, under *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156 (2d Cir.2005), it is clear that the evidence Dai submitted fails to demonstrate that it is more likely than not that he would be tortured if returned to China. In *Mu Xiang Lin*, we held that the agency did not err in denying CAT relief despite reports showing that: (1) repatriated Chinese citizens were administratively detained; (2) conditions in detention facilities were akin to those in prisons; and (3)

there have been documented incidents of torture in Chinese prisons. *Id.* at 157–58. What is required is "particularized evidence suggesting that [an applicant] is likely to be subject to torture...." *Id.* at 158.

Because the evidence Dai submitted in support of his CAT claim is nearly identical to the type of evidence we considered in *Mu Xiang Lin*, and because Dai failed to present any additional "particularized evidence," the agency properly denied his application for relief under the CAT.

■ As a final matter, because Dai failed to challenge the agency's denial of his asylum and withholding claims in his brief to this Court, we deem those claims abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).