Jose Arnoldo GUZMAN–
CUBIAS, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General,* Respondent.

No. 08–3704–ag.

United States Court of Appeals,
Second Circuit.

April 20, 2009.

Nancy E. Martin, Wethersfield, CT, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michele Gorden Latour, Assistant Director; Brendan P. Hogan, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jose Arnoldo Guzman–Cubias, a native and citizen of El Salvador, seeks review of a June 26, 2008 order of the BIA affirming the November 6, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying Guzman–Cubias's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Arnoldo Guzman–Cubias,* No. A99 524 398 (B.I.A. Jun. 26, 2008), *aff'g* No. A99 524 398 (Immig. Ct. Hartford, Nov. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

As an initial matter, because Guzman–Cubias did not challenge the IJ's denial of his CAT claim either before the BIA or this Court, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

We find no error in the agency's denial of Guzman–Cubias's claims for asylum and withholding of removal. Guzman–Cubias has not shown that those who resist gang recruitment in El Salvador (or any of the other variations on this group that he offers) constitute a "particular social group" for purposes of asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3).

"[M]embership in a purported social group requires a certain level of 'social visibility.'" *Ucelo–Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir.2007). Guzman–Cubias's claims fail this test because he has not demonstrated that members of his purported group "possess some fundamental characteristic in common which serves to distinguish them in the eyes of a persecutor—or in the eyes of the outside world in general." *Id.* (internal quotation marks omitted); *see also In re S–E–G–*, 24 I. & N. Dec. 579, 586–88 (B.I.A.2008) (concluding that Salvadoran youths who resist gang recruitment are not a cognizable social group because they do not share recognizable and discrete attributes). Although he relies on his lack of tattoos and other gang symbols, Guzman–Cubias has not shown that he and others without such symbols are perceived by gang members or others in El Salvador as a discrete group. Thus, the IJ did not err in denying asylum and withholding of removal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).