*222
SUMMARY ORDER

Ronghe Jin, a native and citizen of the People’s Republic of China, seeks review of a December 28, 2007 order of the BIA affirming the February 6, 2006 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan, which denied Jin’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ronghe Jin, No. A95 460 188 (B.I.A. Dec. 28, 2007), aff'g No. A95 460 138 (Immig. Ct. N.Y. City Feb. 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). Here, although the IJ stated that Petitioner’s lack of corroboration “put[] his claim in a less credible light,” the IJ did not make an explicit adverse credibility determination. See Diallo v. INS, 232 F.3d 279, 290 (2d Cir.2000) (holding that, in adjudicating an asylum application, an IJ is required to make an explicit credibility determination). In addition, the BIA found only that Petitioner failed to meet his burden of proof, without mentioning credibility. In such circumstances, we assume Petitioner’s credibility. See Yan Chen v. Gonzales, 417 F.3d 268, 271-72 (2d Cir.2005) (assuming, without determining, the petitioner’s credibility).
We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Petitioner failed to challenge before the BIA or before this Court the IJ’s denial of his CAT claim, we deem any such argument abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
The agency did not err in finding that Petitioner failed to show past persecution. Petitioner argues that the cumulative effect of his four-day detention, his “brainwashing” class, the loss of his job, the requirement that he report to police, and his wife’s demotion at woi-k constitute past persecution. However, we find no error in the agency’s conclusion that, even viewed cumulatively, see Poradisova v. Gonzales, 420 F.3d 70, 79-80 (2d Cir.2005), the events Petitioner described do not rise to the level of persecution, see Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (persecution “does not encompass mere harassment”); Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005) (“[Pjersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.”), ovemded in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 306 (2d Cir.2007) (en banc).
We also find that substantial evidence supports the agency’s determination that Petitioner did not establish a well-founded fear of persecution. Contrary to Petitioner’s argument, nothing in the record would indicate that the BIA ignored any of the evidence he presented. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (this Court presumes that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise). Moreover, although the Country Reports in the record speak generally to the Chinese Government’s actions to *223 wards Falun Gong practitioners, nothing in the record indicates that Petitioner would be singled out for persecution if he returned to China. See 8 C.F.R. § 1208.13(b)(2)(iii). In addition, Petitioner’s challenge to the agency’s finding that he failed to provide sufficient corroboration is without merit, as the IJ was not required to credit his explanations where a reasonable fact-finder would not have been compelled to do so. Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Accordingly, the agency did not err in finding that Petitioner failed to establish a well-founded fear of persecution. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004); Kyaw Zwar Tun v. INS, 445 F.3d 554, 563, 568 (2d Cir.2006). Because Petitioner failed to meet his burden of proof with respect to his asylum claim, he necessarily failed to meet his burden with respect to his claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).