**BELLI SUKANTA PUI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–5625–ag.

United States Court of Appeals, Second Circuit.

June 5, 2009.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Ernesto H. Molina Jr., Assistant Director; Jeffery R. Leist, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, Belli Sukanta Pui, a native and citizen of Indonesia, seeks review of an October 21, 2008 order of the BIA affirming the September 7, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel denying Pui's application for asylum, withholding of removal, and relief under the Convention Against Torture

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

("CAT"). *In re Pui,* No. A 99 927 206 (B.I.A. Oct. 21, 2008), *aff'g* No. A 99 927 206 (Immig. Ct. N.Y. City Sept. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Before this Court, Pui argues primarily that the agency erred in finding that he did not establish past persecution because it failed to consider the cumulative effect of the incidents he described. *See Manzur,* 494 F.3d at 290. Despite that assertion, Pui points to nothing in the record indicating that the agency failed to consider his claim in the aggregate. To the contrary, the IJ found that these incidents amounted to "acts of intolerance and bigotry" that did not rise to the level of persecution. Moreover, the record supports the agency's ultimate conclusion that Pui failed to demonstrate past persecution. *Cf. id.*; *see also Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (emphasizing that harm must be sufficiently severe, rising above "mere harassment").

■ Likewise, the agency properly found that Pui failed to establish a well-founded fear of future persecution. As the IJ found, Pui acknowledged that he remained unharmed in Indonesia from 2001 to 2005, when he departed. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.

2005) (finding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *see also Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA.1985).

■ Pui argues that he need not have demonstrated an individualized risk of harm because he established an ongoing pattern and practice of persecution against ethnic Chinese and non-Muslims in Indonesia. As the agency properly found, however, the U.S. Department of State reports in the record indicate that instances of harassment and discrimination against ethnic Chinese have declined, that the Indonesian government recognizes Buddhism as one of the country's five official religions, and that it has taken steps to reduce official discrimination against ethnic Chinese Indonesians. Pui points to no evidence compelling a conclusion contrary to that of the agency. *See Manzur,* 494 F.3d at 289; *Ivanishvili,* 433 F.3d at 341. Nor is our decision in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007), to the contrary where the BIA evaluated Pui's pattern or practice argument in the first instance. *Cf. id.* at 92.

Because the agency properly found that Pui failed to demonstrate either past persecution or a well-founded fear of future persecution, it properly denied his application for asylum. *See* 8 U.S.C. § 1101(a)(42). Moreover, because Pui was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Pui failed to challenge the agency's denial of CAT relief both before the BIA and this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).