YONG FENG LIU, Petitioner,

v.

Eric H. HOLDER, Jr.,* U.S. Attorney General, Respondent.

No. 08–5424–ag.

United States Court of Appeals, Second Circuit.

June 18, 2009.

Attorney General Michael B. Mukasey as the respondent in this case.

H. Raymond Fasano, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yong Feng Liu, a native and citizen of the People's Republic of China, seeks review of an October 8, 2008 order of the BIA affirming the October 17, 2003 decision of Immigration Judge ("IJ") Margaret McManus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Feng Liu,* No. A77 316 774 (B.I.A. Oct. 8, 2008), *aff'g* No. A77 316 774 (Immig. Ct. N.Y. City Oct. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, Liu failed to challenge the IJ's denial of CAT relief on appeal to the BIA and has raised no argument related to his CAT claim in his brief to this Court. Accordingly, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

In addition, we conclude that the agency properly denied Liu's claims for asylum and withholding of removal based on his failure to establish a nexus to a statutorily protected ground. The agency's determination that the local officials who extorted and harassed Liu were motivated by economic gain and revenge, rather than a desire to suppress Liu's political opinion, was a reasonable one. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 548 (2d Cir.2005). Liu presented no testimony or other evidence to suggest that he publicly protested the officials' extortion, nor did he complain to higher government officials about their corrupt practices. *See id.*

According to Liu's own testimony, he initially cooperated with the officials and curried their favor by offering them tea and taking them to dinner because he wanted them to protect his store. At his hearing, Liu freely admitted that he stopped complying with the officials' demands for money because the financial strain of the payments was causing his business to suffer. Liu argues that the agency erred by disregarding his allegation in his asylum application that he verbally "condemned the regulations of Communism and the corrupted government's policies" when he saw the officials enter his store to demand more money from him. However, there is no indication that Liu ever made an equivalent statement in a public forum or that Liu's extortionists interpreted it as anything other than an isolated outburst. Thus, there is no basis for concluding that the officials believed Liu to be mounting "a challenge to the governing institution," as opposed to a challenge to their continued demands for payment. Accordingly, the agency reasonably concluded that the officials were motivated by greed and vengeance, not by a desire to suppress Liu's political opinion. *See id.* Liu's failure to demonstrate the requisite nexus to a protected ground undermined his claim for both asylum and withholding of removal. 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A); *see Yueqing Zhang,* 426 F.3d at 548.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.