SUMMARY ORDER
Petitioner Issa Kamara, a native and citizen of Sierra Leone, seeks review of a January 3, 2008 order of the Board of Immigration Appeals (“BIA”), which in turn affirmed the August 24, 2006 decision of an Immigration Judge (“IJ”), pre-termitting petitioner’s application for asylum, and denying his applications for withholding of removal and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the factual and procedural history of the case.
On appeal, petitioner makes four principal arguments: (1) that the IJ erred when it ruled that petitioner’s asylum application was untimely, and that the BIA erred in affirming this result; (2) that the IJ erred in dismissing petitioner’s claim for withholding of removal on the ground that he failed to satisfy his burden of proof; (3) that the BIA erred in determining that petitioner had failed to establish the requisite nexus between his mistreatment and one of the protected grounds enumerated in the Immigration and Nationality Act, see 8 U.S.C. §§ 1101(a)(42) and 1231(b)(3); and (4) that the BIA erred by not separately analyzing petitioner’s claim for protection under CAT. We consider each argument in turn.
At the outset we note that when the BIA adopts the decision of the IJ and supplements the IJ’s decision, as is the case here, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings *691 under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Sali-matou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Beginning with petitioner’s first argument, we note that 8 U.S.C. 1158(a)(3) provides that no court shall have jurisdiction to review the Attorney General’s ruling that an asylum application is time-barred. However, we have stated that “[notwithstanding that provision ... this Court retains jurisdiction to review ‘constitutional claims’ and ‘questions of law.’” Gui Yin Liu v. INS, 508 F.3d 716, 720 (2d Cir.2007) (quoting 8 U.S.C. § 1252(a)(2)(D)). Here, petitioner argues that the IJ erred in relying on the absence of corroborating evidence regarding his date of arrival in the United States—evidence necessary to establish that his asylum application was timely filed—because, according to petitioner, the IJ did not identify the evidence lacking, explain why it was reasonable to expect petitioner to have the evidence, and did not offer petitioner an opportunity to explain the absence of evidence. We assume, arguendo, that petitioner’s argument presents a question of law which we have jurisdiction to consider.
We have held that the agency may not deny an asylum application solely for lack of corroborative evidence without first identifying why it is reasonable to expect such corroboration and why the applicant’s explanations for the absence of such evidence is insufficient. See Diallo v. INS, 232 F.3d 279, 290 (2d Cir.2000). Here, the record shows that, contrary to petitioner’s assertions, the IJ inquired as to why petitioner did not have evidence verifying the date of his arrival in the United States and provided him with an opportunity to explain the lack of evidence. See J.A. 33. The IJ even provided petitioner a continuance of more than six months to obtain documentation of his arrival date. Id. at 49. Yet petitioner stated that he had no proof of the date of his arrival, and offered as an explanation of his lack of evidence only that he did not know anyone in this country when he moved. Based on the record before us, we conclude that the agency followed the requisite steps before relying on the lack of corroboration of petitioner’s arrival date to pretermit his asylum application and, accordingly, that the agency did not commit legal error. See Diallo, 232 F.3d at 290.
Turning to petitioner’s second argument—that the IJ erred in dismissing his claim for withholding of removal on the ground that he failed to satisfy his burden of proof—we note that we have previously held that
[although an applicant can in some cases satisfy his burden of proof with his own testimony, where the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof.
Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 401 (2d Cir.2005) (internal quotation marks omitted). Here, petitioner did not come forward with any corroboration for his claim that rebels repeatedly attacked him in Sierra Leone. As the BIA noted in its January 3, 2008 order, petitioner could have obtained affidavits from several different people, including a friend in Guinea, and his parents, whom he allegedly visited at a refugee camp after filing his asylum application. Despite being provided continuances to allow him time to *692 obtain affidavits or other documentation, petitioner failed to present corroborating evidence of the alleged attack on him, and failed to provide an explanation for his lack of evidence. We therefore conclude that the record supports the agency’s finding that petitioner failed to satisfy his burden of proof for withholding of removal. Accordingly, we need not reach petitioner’s third argument, regarding whether the BIA erred in determining that petitioner had failed to establish the requisite nexus between his mistreatment and a protected ground
Finally, we address petitioner’s fourth argument — that the BIA erred by not separately analyzing his claim for protection under CAT. Here, the record demonstrates that petitioner failed to meaningfully challenge the IJ’s denial of CAT relief before the BIA. Accordingly, we are without jurisdiction to consider his CAT claim. See 8 U.S.C. § 1252(d)(1); Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006).

CONCLUSION

For the foregoing reasons, the petition for review is DENIED insofar as it challenges the agency’s decision to pretermit his application for asylum and to deny his application for withholding of removal, and DISMISSED insofar as it relates to his claim for relief under CAT.