**CI FENG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 06–4706–ag.

United States Court of Appeals, Second Circuit.

Feb. 19, 2008.

Steven A. Mundie, Baron Mundie & Shelkin P.C., New York, NY, for Petitioner.

Thomas H. Dupree, Jr., Office of Immigration Litigation, Civil Division, U.S. Dep't of Justice, (John F. Salan, Assistant United States Attorney, Grand Rapids, MI, on the brief) for Brian K. Delaney, United States Attorney for the Western District of Michigan, for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Ci Feng Chen, a native and citizen of the People's Republic of China, seeks review of the September 13, 2006 order of the BIA affirming the April 12, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ci Feng Chen,* No. A95 676 580 (B.I.A. Sept. 13, 2006), *aff'g* No. A95 676 580 (Immig. Ct. N.Y. City Apr. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

Pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc), Chen is not *per se* eligible for asylum based on his wife's alleged forced abortion. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir.2007) (noting that "a claim of persecution based *solely* on a forced abortion"

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

brought by someone other than "the individual who has undergone the procedure ... is doomed").

An alien may establish eligibility for asylum by demonstrating past persecution based on his or her own "resistance" to a coercive population control program or a well-founded fear that he or she will be subjected to persecution for such resistance. *Shi Liang Lin,* 494 F.3d at 312–13 (citing 8 U.S.C. § 1101(a)(42)). However, as Chen failed to raise any such argument before either the agency or this Court, we deem it abandoned. *See Gui Yin Liu,* 508 F.3d at 723 n. 6 ("[B]ecause Liu failed to argue before either this Court or the BIA his claims for relief based on the illegal nature of his departure from China, we consider that basis for relief abandoned.").

Similarly, because Chen's brief to this Court does not challenge the agency's denial of his CAT claim, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.