HONG YUN QIU–QIU, Hong Xing Qiu, Petitioners,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–1637–ag.

United States Court of Appeals, Second Circuit.

Oct. 24, 2008.

Gary J. Yerman, Esq., New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Hong Yun Qiu–Qiu and Hong Xing Qiu (collectively, "petitioners"), natives and citizens of the People's Republic of China, seek review of a March 13, 2008 order of the BIA affirming the May 9, 2006 decision of Immigration Judge ("IJ") Philip L. Morace, which denied, *inter alia,* their application for relief under the Convention Against Torture ("CAT"). *In re Hong Yun Qiu–Qiu, Hong Xing Qiu,* Nos. A98–720–431, A97–959–093 (B.I.A. March 13, 2008), *aff'g* Nos. A98–720–431, A97–959–093 (Immig. Ct. N.Y. City May 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When "the BIA adopts the decision of the IJ and merely supplements the IJ's decision," this Court reviews "the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Because petitioners only challenge the IJ's denial of CAT relief before the BIA and this Court, petitioners have abandoned any other claims. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

We find that substantial evidence supports the agency's denial of petitioners' applications for CAT relief. We have held that, without any particularized evidence, applicants cannot demonstrate that they are more likely than not to be tortured "based *solely* on the fact that [they are] part of the large class of persons who have illegally departed China" and on general-

ized evidence concerning conditions in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir. 2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained).

Here, petitioners provided no basis for the IJ to conclude that they, or someone in their "particular alleged circumstances," face an elevated risk of persecution or torture. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Petitioners rely on the State Department Reports, but these documents do not provide evidence that individuals similarly situated to them are imprisoned and tortured. Moreover, petitioners did not testify that they knew any individuals who were imprisoned or tortured for illegally departing China, and merely stated that they had "heard of many people" who had been mistreated in detention, and that "everybody in the world knows" that prisoners in China are mistreated. (Hearing Transcript, May 9, 2006, at 19, 26.) Therefore, as petitioners failed to provide the particularized evidence necessary to demonstrate eligibility for CAT relief, *see Mu Xiang Lin,* 432 F.3d at 160, substantial evidence supports the agency's conclusion that they failed to meet their burden of proof. *See Mu–Xing Wang,* 320 F.3d at 143–44.

■ We note that petitioners allege in addition that they will suffer torture at the hands of unidentified "creditors," from whom they borrowed money. This bare allegation does not change the result here, however, as the agency reasonably concluded that in the absence of sufficient evidence demonstrating that any individuals would torture them, and that Chinese officials would acquiesce in such torture, petitioners failed to meet their burden of establishing that it is more likely than not that they will be tortured if removed to China. *See Mu–Xing Wang,* 320 F.3d at 143–44. Accordingly, substantial evidence supports the agency's conclusion that petitioners failed to meet their burden of proof for their CAT claim. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.