SUMMARY ORDER

Petitioner Zhao Yan Zheng, a native and citizen of the People’s Republic of China, seeks review of a May 1, 2008 order of the BIA affirming the October 31, 2006 decision of Immigration Judge (“IJ”) Philip L. Morace, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zhao Yan Zheng, No. A200 038 357 (B.I.A. May 1, 2008), aff’g No. A200 038 357 (Immig. Ct. N.Y. City Oct. 31, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Upon our review of the record, we conclude that the agency did not err in finding ■ that Zheng failed to demonstrate that she has a well-founded fear of future persecution. Zheng has never alleged that she suffered past persecution in China. To demonstrate a well-founded fear of persecution, “an applicant must establish that his [or her] putative persecutor is, or could become, aware of the applicant’s possession of the disfavored belief or characteristic.” Hongsheng Leng v. Mukasey, 528 F.3d 135, 142 (2d Cir.2008) (internal quotations omitted). Here, Zheng testified that she did not practice Falun Gong in China and has never had any problems with the Chinese government. Furthermore, she stated that she did not know anyone who practices Falun Gong in China. The only evidence she points to is the background material, and while that evidence indicates, as the agency concluded, that the Chinese government suppresses the practice of Falun Gong, it does not sufficiently demonstrate how the government would become aware of her participation. Thus, “[i]n the absence of solid support for [Zheng]’s assertion that [s]he will be subjected to [persecution], [her] fear is speculative at best,” Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005), and we find no reason to disturb the agency’s conclusion.
Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
Finally, because Zheng failed to challenge the IJ’s denial of her CAT claim before the BIA or this Court, we deem any such argument abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo *795 tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).