SUMMARY ORDER

Petitioner Fa Li Wu, a native and citizen of the People’s Republic of China, seeks review of the August 27, 2008 order of the BIA affirming the December 18, 2006 decision of Immigration Judge (“IJ”) Paul A. DeFonzo denying his application for asylum and withholding of removal. In re Fa Li Wu, No. A099 589 619 (B.I.A. Aug. 27, 2008), affg No. A099 589 619 (Immig. Ct. N.Y. City Dec. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
It is well established that the submissions of pro se litigants must be construed liberally and interpreted to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006). When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). Here, we do not review the agency’s adverse credibility determination because the BIA’s alternative burden of proof findings were proper. See Yan Chen, 417 F.3d at 271-72.
Regarding the agency’s denial of Wu’s applications for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) or the Convention Against Torture (“CAT”), his petition for review fails. The BIA correctly found that Wu was not eligible for relief based on his wife’s forced abortion. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007) (en banc); Matter of J-S-, 24 I. & N. Dec. 520 (AG 2008). Because Wu’s claims rested solely on his wife’s alleged abortion, the foregoing decisions are entirely dispositive. See Gui Yin Liu v. INS, 508 F.3d 716, 723 (2d Cir.2007).
Moreover, the BIA properly concluded that Wu had not shown that he more likely than not would be tortured upon removal to China. See 8 C.F.R. §§ 1208.18(a)(1); 1208.16(c)(2).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).