SUMMARY ORDER

Petitioner Jessie Santana Tan, a native and citizen of Indonesia, seeks review of an October 30, 2008 order of the BIA affirming the July 2, 2007 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, pretermitting her asylum application and denying her application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Jessie Santana Tan, No. A99 686 971 (B.I.A. Oct. 30, 2008), aff'g No. A99 686 971 (Immig. Ct. N.Y. City Jul. 2, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, this Court lacks jurisdiction to consider Tan’s purely factual challenge to the agency’s pretermission of her untimely asylum application. See 8 U.S.C. § 1158(a)(3). That portion of her petition is, therefore, dismissed. However, we may review her challenge to the agency’s denial of her application for withholding of removal.
When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See, e.g., Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that the record supports the agency’s determination that Tan failed to demonstrate a pattern or practice of persecution against Christians in Indonesia.[2] Substantial evidence supports the BIA’s finding that “government acquiescence is not the norm,” that “there have been im *449 provements in the human rights situation in Indonesia and that the Indonesian government officially promotes racial and ethnic tolerance.” In considering the background evidence, the BIA also concluded that “instances of discrimination and harassment” against Christians do not “describe persecution so systemic or pervasive as to amount to a pattern or practice of persecution.” See Matter of A-M-, 23 I. & N. Dec. 737, 741 (BIA 2005).[3] Because Tan fails to point to anything in the record that compels us to find that the BIA erred, we must deny the petition for review. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur, 494 F.3d at 289.
Finally, because Tan fails to challenge the IJ’s denial of her request for CAT relief, we deem any such argument abandoned. See Gui Yin Liu, 508 F.3d at 723 n. 6.
For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Tan has never contended that she will be singled out for persecution. Before this Court, she does not assert that she suffered past persecution, nor did she make that claim before the IJ or the BIA, thus abandoning any such argument. See Gui Yin Liu v. I.N.S., 508 F.3d 716, 723 n. 6 (2d Cir.2007). Moreover, *449 because Tan fails to challenge the agency's denial of her pattern or practice claim on account of her ethnicity, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

. In Mufied v. Mukasey, 508 F.3d 88, 92 (2d Cir.2007), we noted that the “bare articulation of the standard" in Matter of A-M- did not provide any guidance as to how "systemic, pervasive, or organized persecution must be” to be recognized as a pattern or practice, and we requested guidance on applying that standard. While we continue to await further guidance, remand on that basis is not required, because, unlike in Mufied, the BIA analyzed Tan's pattern or practice claim in the first instance. See id.