SUMMARY ORDER

Petitioner Liang Yi Cheng, a native and citizen of the People’s Republic of China, seeks review of the June 30, 2008 order of the BIA affirming the April 10, 2007 decision of Immigration Judge (“IJ”) Joanna M. Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Liang Yi Cheng, No. A78 286 966 (B.I.A. June 30, 2008), aff'g No. A78 286 966 (Immig. Ct. N.Y. City Apr. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA 482 F.3d 122, 126 (2d Cir.2007).
Because Cheng failed to raise his withholding of removal and CAT claims in either his brief to the BIA or his brief to this Court, we deem those claims abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007). Moreover, Cheng waived any claim based on his alleged illegal departure from China by failing to raise that issue explicitly in his brief to this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Regarding the agency’s denial of Cheng’s application for asylum, his petition for review fails. As an initial matter, pursuant to our decision in Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007) (en banc), Cheng is not per se eligible for asylum based on his fiancée’s forced abortion. See Gui Yin Liu, 508 F.3d at 723; see also Matter of J-S-, 24 I. & N. Dec. 520 (AG 2008).
Furthermore, we find that substantial evidence supports the agency’s denial *543 of Cheng’s asylum application to the extent it rested on his alleged “resistance” to China’s coercive family planning policy. See Shi Liang Lin, 494 F.3d at 312-13 (citing 8 U.S.C. § 1101(a)(42)). Regarding his arguments concerning past persecution, we observe that Shi Liang Lin squarely held that an asylum applicant cannot claim persecution based on a procedure that he did not undergo personally. See id. at 306, 309; see also Gui Yin Liu, 508 F.3d at 722-23. In addition, whatever challenge Cheng raises to the IJ’s finding, adopted and affirmed by the BIA, that the cancellation of his household registration lacked the required nexus to a protected ground is without merit. See Shi Liang Lin, 494 F.3d at 306. The registration booklet itself belies his argument that officials cancelled his registration on account of any alleged resistance to the family planning policy where it states that the cancellation occurred because he left China for the United States.
As to Cheng’s fear of future persecution, even assuming his actions could be considered “resistance,” substantial evidence supports the agency’s conclusion that his fear was not well-founded. See Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 149 (2d Cir.2003), overruled in part on other grounds by Shi Liang Lin, 494 F.3d at 305, (discussing the substantial evidence standard). As the IJ found, it is unlikely that the cadres would continue to pursue Cheng when they interrogated him only to locate his fiancée, a feat they eventually accomplished without his assistance. Nor, as the BIA reasonably determined, did the cadres’ alleged visits to Cheng’s family’s home from “time to time” establish a sufficient likelihood that Cheng would be persecuted. Given these determinations, Cheng does not persuasively argue that the agency erred in denying his asylum application. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).