09-1934-ag
Lin v. Holder

BIA
Chew, IJ
A097 189 264

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
 PIERRE N. LEVAL,
 JOSÉ A. CABRANES,
 DEBRA ANN LIVINGSTON,
  *Circuit Judges.*

_____

FENG LIN,
  *Petitioner,*

 v.                                    09-1934-ag
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:      Dehai Zhang, Flushing, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General, John S. Hogan, Senior
                     Litigation Counsel, Edward E.
                     Wiggers, Trial Attorney, Office of
                     Immigration Litigation, Civil
                     Division, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Feng Lin, a native and citizen of the People's Republic of China, seeks review of the April 15, 2009 order of the BIA affirming the November 21, 2007 decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Lin*, No. A097 189 264 (B.I.A. Apr. 15, 2009), *aff'g* No. A097 189 264 (Immig. Ct. N.Y. City Nov. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have previously determined that, under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner. *Shi Liang Lin* v. U.S. Dep't of Justice, 494 F.3d 296, 308 (2d Cir. 2007). Rather, "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Id.*; *see also Matter of J-S-*, 24 I.&.N. Dec. 520

(A.G. 2008).  Here, because Lin's claim was based entirely on his wife's forced abortion and IUD procedure, the agency denied his claims, relying on *Shi Liang Lin* and *Matter of J-S-*.

Contrary to Lin's argument, the BIA's retroactive application of *Shi Liang Lin* and *Matter of J-S-* to his claims did not violate his due process rights.  *See Shou Wei Jin v. Holder*, 572 F.3d 392, 397 (7th Cir. 2009)*; Yu v. U.S. Atty. Gen.*, 568 F.3d 1328, 1333 (11th Cir. 2009).  As, the BIA stated, it applies the law in effect at the time it enters a decision.  *See* 8 C.F.R. § 1003.1(d)(3)(ii); *c.f. NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995)("Appellate courts ordinarily apply the law in effect at the time of the appellate decision").

Because Lin was unable to meet his burden of proof for asylum, his withholding of removal claim necessarily fails.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  As before the BIA, Lin fails to challenge the denial of his CAT claim, abandoning any such argument.  *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk