09-1133-ag
Muca v. Holder

BIA
Weisel, IJ
A047 279 580
A047 279 581
A047 279 582
A047 279 583
A047 279 584

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:

JOHN M. WALKER, JR.,
BARRINGTON D. PARKER,
REENA RAGGI,
            Circuit Judges.

_____

SANIJE MUCA, VULNET MUCA, ENGJELL MUCA,
RILIND MUCA, MILOT MUCA,
        Petitioners,

        v.                                   09-1133-ag
                                             NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        Respondent.

_____

FOR PETITIONERS:       Sokol Braha, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Francis W.

**Fraser, Senior Litigation Counsel;**
**Jacob A. Bashyrov, Trial Attorney,**
**Office of Immigration Litigation,**
**U.S. Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, all citizens of Macedonia, seek review of a February 24, 2009 order of the BIA, affirming the June 4, 2007 decision of Immigration Judge Robert D. Weisel, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muca*, Nos. A047 279 580/581/582/583/584 (B.I.A. Feb. 24, 2009), *aff'g* Nos. A047 279 580/581/582/583/584 (Immig. Ct. N.Y. City June 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d

2

510, 513 (2d Cir. 2009).

The agency properly found that petitioners failed to establish a well-founded fear of persecution, as required for a grant of asylum.  8 U.S.C. § 1101(a)(42).  The IJ provided a reasoned and detailed analysis of the record and determined that, while the evidence indicated that ethnic Albanians experience "discrimination and harassment" in Macedonia, the record did not support a finding that they would face persecution.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that harm must be sufficiently severe and rise above "mere harassment"); *see also Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) ("[P]ersecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.").  With respect to petitioners' arguments regarding the potential harm faced by military recruits and the disabled, we are not compelled to reach a conclusion contrary to that of the agency.  *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).  Ultimately, the agency reasonably found that the record did not support a finding that petitioners' fear was objectively reasonable. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)

3

(holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Insofar as petitioners failed to meet their burden of proof with respect to asylum, they necessarily failed to meet the higher burden of proof required to prevail on their claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). In addition, because petitioners failed to challenge the denial of their CAT claim either before the BIA or this Court, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

Finally, we find no error in the BIA's refusal to enjoin petitioners' removal based on their allegation that the government delayed placing them in removal proceedings. Rather than showing that the government engaged in "affirmative misconduct," the record reveals that petitioners played a role in any delay by pursuing visas for which they were ineligible. *See Ajdin v. BCIS*, 437 F.3d 261, 266 (2d Cir. 2006); *see also Rojas-Reyes v. INS*, 235 F.3d 115, 126 (2d Cir. 2000). To the extent petitioners' brief can be read to request that this Court enjoin their

4

removal, we decline that request.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5