09-0393-ag
Khan v. Holder

BIA
Balasquide, IJ
A097 532 770

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:

ROBERT D. SACK,
REENA RAGGI,
RICHARD C. WESLEY,
        *Circuit Judges*.

_____

NASEEM KHAN,
        *Petitioner*,

        v.                                09-0393-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Usman B. Ahmad, Law Office of Usman B. Ahmad, P.C., Long Island City, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Trish Maskew, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Naseem Khan, a native and citizen of Pakistan, seeks review of a December 31, 2008 order of the BIA affirming the February 13, 2008 decision of Immigration Judge ("IJ") Javier Balasquide pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Naseem Khan*, No. A097 532 770 (B.I.A. Dec. 31, 2008), *aff'g* No. A097 532 770 (Immig. Ct. N.Y. City Feb. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See, e.g.*, *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

## I.  Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, this Court retains jurisdiction to review constitutional claims and questions of law.  *See* 8 U.S.C. § 1252(a)(2)(D).  Nevertheless, because Khan challenges only purely factual determinations and the agency's exercise of discretion, we dismiss the petition for review to the extent he challenges the agency's pretermission of his asylum application.  *See* 8 U.S.C. § 1158(a)(3).

## II.  Withholding of Removal and CAT Relief

Both the IJ and the BIA found that Khan was not credible.  In addition, they concluded that even if he had testified credibly, he failed to meet his burden of proof. Khan does not challenge the latter determination, waiving any such argument.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).  That waiver is dispositive of

his withholding of removal claim.  In addition, Khan did not challenge the denial of his request for CAT relief either before the BIA or this Court, abandoning that claim.  *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4