10-1754-ag
Thang v. Holder

BIA
Elstein, IJ
A094 798 077

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of May, two thousand eleven.

PRESENT:
>    JON O. NEWMAN,
>    PIERRE N. LEVAL,
>    JOSÉ A. CABRANES,
>        *Circuit Judges.*

_____

ZHIYUN THANG,
>    *Petitioner,*

>    v.                                          10-1754-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:     Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Lindsay M. Murphy, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhiyun Thang, a native and citizen of the People's Republic of China, seeks review of an April 14, 2010, order of the BIA affirming the May 2, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiyun Thang*, No. A094 798 077 (B.I.A. Apr. 14, 2010), *af'g* No. A094 798 077 (Immig. Ct. N.Y. City May 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA reasonably concluded that Thang failed to demonstrate past persecution or a well-founded fear of

2

future persecution.  As the BIA determined, Thang is not eligible, as a matter of law, for asylum based on his wife's forced abortion.  *See Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (en banc)*; see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007). As Thang did not assert any other incidents of past persecution, he was not entitled to the presumption of a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1).

Substantial evidence also supports the BIA's determination that Thang failed to establish a well-founded fear of persecution because he and his wife wanted more children.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 158–68 (2d Cir. 2008)*; see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (holding that absent past persecution, an alien can demonstrate eligibility for asylum based on a well-founded fear of future persecution by demonstrating that he or she subjectively fears persecution and that this fear is objectively reasonable).  Indeed, the BIA reasonably found that whether Thang and his wife will have additional children in China is speculative.  *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding

3

that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best"). Additionally, the State Department's Profile on Asylum Claims and Country Conditions Report and the 2006 Country Report on Human Rights Practices both provide that, although forced sterilizations and fines are imposed on individuals who violate the family planning policy, policy enforcement varies by region, and there is no evidence in the record to establish how the policy is enforced in Thang's home region. Thus, Thang has failed to establish that the BIA erred in concluding that he did not demonstrate his eligibility for asylum based on his and his wife's desire to have more children.

The BIA also reasonably concluded that Thang did not demonstrate a possibility of future persecution based on his application for asylum in the United States, as the record does not support Thang's claim that the confidentiality of his asylum proceedings was breeched. Although the record shows that an agent at the Office of the American Consulate General in Guangzhou, China, made telephone inquiries as to whether the doctor listed on the abortion certificate was

employed at the Lian Jiang Township Hospital, there was no evidence to support a finding that the hospital officials were informed that the inquiry was made in connection with Thang's asylum application or that they were given Thang's name. Furthermore, the agent signed a statement indicating that she was aware of the confidentiality provisions regarding asylum cases and affirming that the nature of her investigation was not disclosed to any foreign authorities. Given this evidence and the fact that Thang did not present any evidence to the contrary, the agency reasonably found that he failed to establish a well-founded fear of persecution on that basis.

Because Thang was unable to show the objective likelihood of persecution needed to make out an asylum claim, based on either his desire to have more children or his filing of an asylum application in the United States, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal because both claims rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk