09-2181-ag
Rahman v. Holder

BIA
Abrams, IJ
A 095 956 702

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of November, two thousand nine.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

A.B.M. SAIFUR RAHMAN, a.k.a. Abm SAIFUR RAHMAN, a.k.a. SAIFUR Abm RAHMAN
> *Petitioner*,

v.                                    09-2181-ag
                                      NAC
ERIC H. HOLDER, JR., ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE,
> *Respondent.*

_____

**FOR PETITIONER:**       David J. Rodkin, New York, New York.

**FOR RESPONDENT:**       Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner A.B.M. Saifur Rahman, a native and citizen of Bangladesh, seeks review of the May 7, 2009 order of the BIA affirming the October 24, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re A.B.M. Saifur Rahman*, No. A 095 956 702 (B.I.A. May 7, 2009), *aff'g* No. A 095 956 702 (Immig. Ct. N.Y. City Oct. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*,

2

417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Rahman does not challenge the IJ's determination that he was ineligible for asylum because he failed to file his application within the prescribed statutory period. *See* 8 U.S.C. § 1158(a)(2)(B). In addition, because Rahman does not challenge the agency's adverse credibility determination in his brief, he has waived any challenge to that determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice). As either of these grounds is sufficient to sustain the agency's denial of Rahman's application for asylum, *see* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. § 1003.2(c)(2); *Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 274 (2d Cir. 2006); *Chen v. I.N.S.*, 344 F.3d 272, 276 (2d Cir. 2003) (per curiam), there is no need to

3

address his argument that the IJ erred in concluding that he did not establish a nexus to a protected ground, which, in any event, is foreclosed because he did not present it to the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).  Moreover, Rahman has abandoned any challenge to the IJ's denial of his applications for withholding of removal and CAT relief.  *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007) (per curiam).

In any event, we find no merit in Rahman's contention that the IJ improperly denied his motion for a continuance. We review the BIA's affirmance of an IJ's decision to deny a motion for a continuance for abuse of discretion. *See Rajah v. Mukasey*, 544 F.3d 449, 453 (2d Cir. 2008).  As we have noted, IJs have "broad discretion" and "are accorded wide latitude in calendar management."  *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).  An IJ would abuse his discretion in denying a continuance only "if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision – though not necessarily the product of a legal error or a clearly erroneous factual

4

finding – cannot be located within the range of permissible decisions." *Id.* at 551-52 (internal quotation marks and alterations omitted).

Here, the IJ found that even if Rahman could obtain the order sheet proving that the case against him in Bangladesh was active, it would not establish his eligibility for relief, as the IJ found that the case was "a criminal matter that can be handled by the government of Bangladesh," and this finding was not clearly erroneous. In addition, the BIA noted that Rahman did not know what the order sheet would show, and could not articulate how it would be helpful to his claim. The BIA also observed that, 18 months after the IJ's decision, Rahman had not submitted the order sheet. Based on this reasoning, we cannot say that the agency committed an error of law, made a clearly erroneous factual finding, or departed from the range of permissible decisions, in denying the continuance. Furthermore, because the IJ's adverse credibility determination remains unchallenged, Rahman fails to establish that he suffered actual prejudice. *See Rajah*, 544 F.3d at 453.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion

for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____