07-3825-ag
Xue v. Holder

BIA
Hom, IJ
A095 100 967
A095 100 968

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand ten.

PRESENT:
        ROSEMARY S. POOLER,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
                *Circuit Judges*.

_____

LI-FANG XUE, a.k.a. YUEN-HO LAM, and
JIA ZI LIN, a.k.a. LAM YUE HWA,
    *Petitioners*,

      v.                          07-3825-ag
                                    NAC

ERIC H. HOLDER JR., ATTORNEY GENERAL,[1]
    *Respondent*.

_____

FOR PETITIONERS:        H. Raymond Fasano, New York, New York.

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

FOR RESPONDENT:          Gregory G. Katsas, Acting Assistant
                         Attorney General, James A. Hunolt,
                         Senior Litigation Counsel, Nicole N.
                         Murley, Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Li-Fang Xue and Jia Zi Lin, natives and citizens of the People's Republic of China, seek review of an August 8, 2007 order of the BIA affirming the August 10, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue et al*, Nos. A095 100 967, A095 100 968 (B.I.A. Aug. 8, 2007), *aff'g* Nos. A095 100 967, A095 100 968 (Immig. Ct. N.Y. City Aug. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Xue did not challenge the IJ's denial of her withholding of removal and CAT claims before either the BIA or this Court, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716,

723 n.6 (2d Cir. 2007).  Moreover, we are not without jurisdiction to review Petitioners' claim because they were placed in "asylum-only," as opposed to removal, proceedings. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir. 2006).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Xue's application for asylum was based on three independent claims: (1) that she suffered past persecution because of her IUD insertion; (2) that she suffered past persecution because she had to pay a fine for not timely registering her marriage in China; and (3) that she has a well-founded fear of future persecution because she gave birth to a second child in the United States.

We conclude that the agency did not err in finding that Xue failed to testify credibly as to her first two claims. The IJ reasonably found that Xue was not credible because

3

she admitted that she lied under oath during a prior immigration proceeding.

*See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)). It was also reasonable for the IJ to reject Xue's explanation that a snakehead coached her to make that claim in order for her to be released from detention. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

While the IJ likely erred in relying on inconsistencies between Xue's testimony and her husband's earlier asylum application, *see Bao Zhu Zhu v. Gonzales*, 460 F.3d 426 (2d Cir. 2006), remand would be futile as it can be confidently predicted that the agency would reach the same decision, absent any error, given Xue's admission that she previously lied to an IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006).

With regard to Xue's third claim, the IJ did not err in finding that she failed to demonstrate that she had a well-founded fear of persecution because she gave birth to a

4

second child in the United States.  While Xue is correct that the BIA did not conduct an independent analysis of her claim, the IJ did conduct such an analysis and reasonably concluded that she failed to meet her burden.  As the IJ found, Xue's claim relied primarily on the Aird Affidavit, a document we have held is insufficient to establish the existence of a policy of forced sterilization in China.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274-76 (2d Cir. 2006).  Accordingly, without any "reliable, specific, objective" evidence that Xue would be sterilized because of the birth of her second child in the United States, *see Shao v. Mukasey,* 546 F.3d 138, 159 (2d Cir. 2008) (citing *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004)), substantial evidence supports the agency's conclusion that Xue failed to demonstrate that she has a well-founded fear of persecution if returned to China, *see* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic*, 519 F.3d at 95.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5