09-2456-ag
Zheng v. Holder

BIA
Morace, IJ
A099 936 366

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand ten.

PRESENT:
>        ROBERT A. KATZMANN,
>        PETER W. HALL,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

————————————————————————————————————————

HOU QUAN ZHENG,
>        *Petitioner*,

>        v.                                    09-2456-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

————————————————————————————————————————

FOR PETITIONER:          Weishan Wang, Capital Law Group, LLP, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hou Quan Zheng, a citizen of the People's Republic of China, seeks review of a May 14, 2009 order of the BIA affirming the November 19, 2007 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hou Quan Zheng*, No. A099 936 366 (BIA May 14, 2009), *aff'g* No. A099 936 366 (Immig. Ct. N.Y. City Nov. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review findings of fact for substantial evidence, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,

and review questions of law de novo. *See* 8 U.S.C. §
1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d
Cir. 2009).

Because any alleged persecution must be "*personally experienced*" to form the basis of an asylum claim, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 306 (2d Cir. 2007), the agency properly concluded that Zheng failed to demonstrate his eligibility for asylum to the extent his claim was based on his wife's forced abortion and subsequent IUD insertion. Furthermore, the agency properly determined that Zheng failed to demonstrate that he suffered past persecution or that he had a well-founded fear of future persecution, even assuming he engaged in "other resistance". *See id.* at 313. We are not persuaded by Zheng's claim that he suffered past persecution when officials threatened him with detention. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Moreover, we cannot find that the agency clearly erred in finding that Zheng did not suffer economic persecution because the two fines he paid did not place him at a "substantial economic disadvantage" and neither he nor his wife suffered any harm as a result of

3

their failure to pay the third fine. *See Guan Shan Liao*, 293 F.3d at 67 (applicant must show at least a "deliberate imposition of a substantial economic disadvantage").

Additionally, Zheng's argument that he has a well-founded fear of arrest and forcible sterilization lacks substantial support in the record. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam). Accordingly, because Zheng established neither past persecution nor a well-founded fear of future persecution, there was no error in the agency's denial of his application for asylum. *See* 8 U.S.C. § 1101(a)(42). Because Zheng was unable to meet his burden of proof for asylum, his withholding of removal claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). As before the BIA, Zheng fails to challenge the denial of his CAT claim, abandoning any such argument. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk