09-2649-ag
Ouyang v. Holder

BIA
Hom, IJ
A097 660 745

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of April, two thousand ten.

PRESENT:
>       JON O. NEWMAN,
>       REENA RAGGI,
>       PETER W. HALL,
>           *Circuit Judges*.

———————————————————————————————

TAIHUI OUYANG, a.k.a. TAI HUI OU YANG,
>       *Petitioner*,

>       v.                                          09-2649-ag
>                                                         NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE,
>       *Respondents*.

———————————————————————————————

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENTS:         Tony West, Asst. Atty. General, Lyle D. Jentzer, Senior Litigation Counsel, John M. McAdams, Jr., Atty., Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Taihui Ouyang, a native and citizen of the People's Republic of China, seeks review of a June 15, 2009, order of the BIA affirming the October 17, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Taihui Ouyang*, No. A097 660 745 (B.I.A. June 15, 2009), *aff'g* No. A097 660 745 (Immig. Ct. N.Y. City Oct. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency properly held that Ouyang was not eligible, as a matter of law, for the relief he sought based on his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *see also Gui Yin Liu v. INS,* 508 F.3d 716, 723 (2d Cir. 2007).

The BIA also reasonably concluded that even assuming Ouyang demonstrated "other resistance," he failed to demonstrate past persecution or a well-founded fear of future persecution on account of that resistance. *See* 8 U.S.C. § 1101(a)(42). Although Ouyang claimed that he suffered past persecution, he did not allege that he was physically harmed or mistreated by family planning officials. *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340-41 (2d Cir. 2006). Moreover, Ouyang failed to demonstrate that he suffered a substantial economic disadvantage because he was fined 3,000 RMB. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002) (citations omitted); *see also Matter of T-Z-*, 24 I. & N. Dec. 163, 171-175 (BIA 2007). Furthermore, the BIA did not err in finding that Ouyang failed to demonstrate a reasonable possibility of future persecution

in the absence of any record evidence to support his claim that his fear was objectively reasonable. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005)

Finally, contrary to Ouyang's argument, the BIA's application of *Shi Liang Lin* and *Matter of J-S-*, 24 I.&.N. Dec. 520 (A.G. 2008), to his claims did not violate his due process rights. *See Shou Wei Jin v. Holder*, 572 F.3d 392, 397 (7th Cir. 2009); *Yu v. U.S. Atty. Gen.*, 568 F.3d 1328, 1333 (11th Cir. 2009). Indeed, the BIA was bound to apply the law in effect at the time it entered its decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision"). Moreover, Ouyang had the opportunity to present his claim anew after we issued our decision in *Shi Liang Lin*. *See Burger v. Gonzales*, 498 F.3d 131 (2d Cir. 2007) (finding that "to establish a violation of due process, an alien must show 'that she was denied a full and fair opportunity to present her claims'") (citation omitted)).

Because Ouyang was unable to meet his burden of proof for asylum, his withholding of removal claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Because Ouyang failed to sufficiently challenge the agency's denial of his CAT claim, we deem any such argument waived. *See Yueqing Zhang v.* Gonzales, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk